The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Thomas M. Harris presiding. So, good morning. We're on the record in 4-23-0718, Christopher Bittner and John Brooks v. City of Pekin. At this point, I'd like to have appearances first for the appellant. Christopher Sokin for the City of Pekin. And for the appellees? Julie Galassi for Mr. Brooks and Bittner. All right. Thank you. Mr. Sokin, you may proceed with your argument. Thank you, Your Honor. My name is Christopher Sokin. I represent the appellants, the City of Pekin. This case is generally about the Public Employee Disability Act, which we practitioners refer to as PETA, which is how I will refer to it throughout the argument today. As there are two plaintiffs in this case, there are actually separate issues as applied to both of them. Plaintiff Brooks alleges that employment taxes were wrongfully withheld from his PETA benefits. Plaintiff Bittner alleges that employment taxes were wrongfully withheld from his as well. But he also alleges that the city withheld sick vacation or comp time from his as If it pleases the court, I'd like to start with the employment tax issue and then address these separate issues about Mr. Bittner afterward. I think the issue we're here for today, mostly regarding the language of the statute, is the phrase on the same basis. The statutes and derogation of the common law, it has to be strictly construed in favor of the party that is subject to its operation, which in this case is the city. And the statute says that when a public employee is injured in the line of duty, and that causes them to be unable to perform their job, they shall continue to be paid in quote, on the same basis as he was paid before the injury, with no deduction from his sick leave credits, compensatory time for overtime accumulations or vacation, or service credits in a public employee pension fund during the time he's unable to perform his duties due to the The phrase on the same basis as he was paid before the injury is what Pekin relied upon when they continued to withhold employment taxes from the plaintiff's pay. And the reason is because they, I believe, reasonably thought that in order to continue paying them on the same basis as they were paid before, that would include paying them exactly as they were paid before, but for the three enumerated exceptions for sick time, compensatory time, and service credits. They took the exact same checks, gave them that exact same amount, withheld the exact same taxes, and paid them in that manner. And if we're going to read the statute in a reasonable manner, as the plain language says, Pekin's position is the reasonable one. They continued to pay them just as they were before, as the statute says, they need continued to be paid, and to be continued to be paid on the same basis, and as before the injury. So, counsel, good morning. Good morning. I do have a question with respect to that. We know the statute does set out improper deductions. You mentioned them yourself, the sick leave, accrued vacation, compensatory time, service credits. How are taxes, employment taxes, similar to those, if they are? I don't believe they are. And the reason I don't believe they are is because we have a federalist system of government in this country. The IRS, for the federal government, controls those federal employment taxes. Whether the federal government wants to tax those benefits or not is entirely beyond the control of the state legislature. The state of Illinois cannot tell the federal government, hey, you're not going to tax these benefits one way or the other. That would violate the supremacy clause of the United States Constitution. So there would be nothing that the legislature in this state could do, even if it wanted to, to say these benefits cannot be taxed by the federal government. That is well beyond the state of Illinois. So what you're left with are those three exceptions. And then we have to get into statutory interpretation issues of what do those three exceptions mean. The plaintiffs allege that list is not exhaustive, but the Supreme Court statutory interpretation rules would say otherwise. They would say when you have a list of enumerated exceptions, that list means that anything not included is excluded from that list of exceptions. Therefore, because it doesn't say employment taxes cannot be withheld, there is no exclusion for that. And I think the reason that that is important in this case is because what the plaintiffs are claiming is that this list should be expansive beyond those three. Well, if that's the case, then the statute is unconstitutionally vague. Because at that point, we're just leaving up to the trier of fact that you have this list of three things, and then basically any other exception that the trier of fact wants to have. And that list would unequivocally be unconstitutionally vague because it leaves the interpretation of the terms of the statute up to the whims of the trial court. One judge may say, yeah, employment taxes can't be withheld. Another may say they can't because the statute gives no guidance whatsoever. So to hold Pekin financially responsible for damages, for excluding something that is not included in the list, I think would violate our statutory interpretation guidelines. And it would just make the statute unconstitutional, which I think is something that no one really wants here. Pekin doesn't dispute that PETA benefits are paid. The issue is, are they responsible for basically their employees' tax liabilities at the end of the year for the federal government? And that brings an important point about we don't even really know if the plaintiffs in this case paid any taxes. We don't know if they got these amounts back. There's nothing in the record that says, here's how much the plaintiffs paid in federal income taxes on these years. Here's how much they were refunded. The plaintiffs could very well be chasing a windfall here because perhaps they got some or all of this money back, either on a standard deduction or on some other deduction in their taxes. Or maybe they were not entitled to any of it back. For example, maybe they filed their taxes jointly with their spouse, and their spouse had an unpaid tax liability, and the federal government said, okay, you've paid this money in. Maybe it's not ordinarily taxable, but on your tax return, you owe us this exact amount of money. You owe us $800, Mr. Brooks and your spouse. So we're going to keep that to even out your tax burden. So there's nothing even in the record that we can point to that can say exactly how much money, if any, that the plaintiffs actually lost here. And that brings me back to the issue of federalism, which is the federal government and the IRS set out the rules and guidelines for tax refunds. And there is a federal statute that says in any case, it doesn't say federal case, it doesn't say tax case, it says in any case in which a party is contesting whether a refund should have been paid, a request has to be made for the refund first to the IRS secretary. No suit can be filed requesting a refund until that's happened. The plaintiffs admit they didn't do so here. They never requested a refund. They said in their tax returns that these amounts should not have been taxed. What they did was they waited several years. The statute ran on the federal claim and then they brought this PETA claim. It is our belief that the federal government's laws control this issue because what they are asking for is the return of funds that Pekin turned over on the plaintiff's behalf to the IRS. And the plaintiffs had a right to tell the IRS this money should be returned to us because of whatever federal regulations or federal rules or guidelines they raised in their response. But to bring those rules up here now and say, well, Pekin had to not withhold these because the federal government says so, has no bearing on PETA. It has no bearing on the language of the statute. It has bearing on whether Pekin can be sued over that and pay damages because Pekin doesn't have that money. Pekin paid that money to the federal government on behalf of Mr. Bittner and Mr. Brooks. And the federal government has their money. And the federal government says, if you want that money, here is how you go about getting it back. And they just didn't do it. Whether they didn't know the law or didn't understand the law, they waited too long, didn't do it. And then they've come to the court saying, well, we're going to file a declaratory judgment saying PETA has been violated. But if the court is going to follow the statutory interpretation rules, and we're going to rely on the fact that the court cannot make the law for the legislature, we cannot rewrite these statutes, even if we think it is in the best interest of the people or that it should be rewritten in that manner. We can only interpret them. We can't rewrite them. And interpreting the statute says that the plaintiffs have no right to sue over this. They can't sue Pekin for withholding the employment taxes. Counsel, on that issue of statutory interpretation, in addition, we can agree, can we not, that PETA is in derogation of the common law? It is, Justice. And there's precedent already establishing that point. Not that I think the precedent needs to be very strong. I think the common law doesn't say public employees who get injured just get to be paid in perpetuity as long as they're injured. I believe I've cited a couple of cases in my briefings that have already made that ruling about being in derogation of the common law. And as a statute in derogation of the common law, we're supposed to strictly interpret it. You are supposed to strictly interpret it against the person who is subject to its operation, which in this case is Pekin. So our position is Pekin's belief that it says on the same basis under a strict construction would mean exactly as they were paid before with any withholdings that were already made. And your Honor's point reminds me of another one. If it were otherwise, how would anyone know, any court or even any officers who would be in a position like Mr. Bittner in Brooksville or the city if one of them said, hey, I have this additional deduction. Let's say they pay extra for dental benefits or something to that effect pursuant to a CBA. Is the city supposed to just say, well, you don't get your dental benefits now because we're not taking that out anymore. You're not paying for it. You just don't get them. I don't think that's something the legislature wants either. I think the intent here is just keep paying them. We're going to maintain the status quo throughout your injury. You're going to get paid just in the same manner as you were. And then what the federal government decides to do with taxing this is a totally separate issue that's up to the federal government. Thank you. And that sort of brings me to some of the more specific issues with factual issues with the case. The way that this reached a conclusion for summary judgment was on a claim for a declaratory judgment. It wasn't on a breach of contract claim, which is what the order that the court signed said. So as we know, the pleadings circumscribed the relief that can be requested. The declaratory judgment did not request a lot of the relief that the court granted. There was no request for interest. There was no request for fees or costs. But the court awarded all of them. The court awarded pre-judgment interest without any request in the pleadings to do so. And the reason I believe that the order converted this into from the declaratory judgment to a what it says is a breach of contract claim, as the plaintiff requested, was because of this issue with the statute of limitations. There's no statute of limitations in PETA. So we're under the five-year catch-all provision. Mr. Bittner did not file this claim within the five years. The last time he alleged that he did not receive PETA benefits was May 15, 2013 for a 2011 injury. But he didn't file suit to November of 2018 beyond the five-year limitation. Mr. Sokin, if I could interrupt, just on that point, you filed, Pekin filed a cross-motion for summary judgment. And you've requested on appeal that on the statute of limitations claim that judgment be awarded for Pekin. Is that right? And that Bittner's claims be denied based on the five-year statute of limitation? Yes, Justice. There were two reasons for that. One being the statute of limitations, which we believe was six years too late. That the, it appears to us based on his claim, that the last date he was requesting PETA benefits for was May 15 of 2013. And he did not file to November 13 of 2018. Okay. Is there, if we were to agree with you that it's a five-year statute of limitation, is there a genuine issue or excuse me, a disputed issue of material fact relative to the timing of Bittner's claims when they accrued? There is, well, I don't know how to answer your question, Your Honor, because some of this isn't in the record. The record does not have the exact dates that Mr. Bittner claims he could not work. He gave us, basically said, I lost this many hours in this year. So it's hard to say if he's anything beyond that for a different injury. But if we look at the 2011, August 2011 line of duty injury, no one disputes that he was injured in the line of duty in August of 2011. The dispute is his doctors returned him to work in 2012. And then there's a fact issue about dates after that, from 2012 through 2013, where he claims he was still entitled to PETA benefits and that he was required to use comp time or sick time. There is a disputed material fact as to those dates after that. But if we look at the dates, everything from before 2013 would be beyond the statute. So if he were claiming something for a date after 2013, that would have fit within his timeframe of November 13 of 2018, maybe there could be. But in the record, there is nothing that suggests he's claiming anything other than the August 2011 injury. Okay. Thank you. The other issue with the statute of limitations was that the plaintiffs alleged it's actually a 10-year statute of limitations. And the reason they allege that is because they claim that by converting this to a breach of contract, this is actually a breach of the CBA. The reason they say that is because the CBA says Pekin shall follow PETA, just like it says Pekin shall comply with Workers' Compensation Act, various other state laws. The problem with that is that is not a contractual promise. There's no consideration when someone contracts to do something they're already legally obligated to do. There's no consideration. It's an illusory promise because they already have to do that. Bittner cannot sue Pekin to say he breached the contract by not providing PETA benefits. Therefore, it's a 10-year statute. If that were the case, that would convert basically every statute into a 10-year statute. Workers' Compensation Act, specifically mentioned in the CBA, under the plaintiff's theory, that's now a 10-year statute. Any other employment matters that are mentioned in the CBA, that could be considered a 10-year statute under the plaintiff's theory. There's case law that I've cited in my brief that has already established that those types of generalized contractual statements that we're going to follow already existing law, do not create a promise, cannot be subject of a breach of contract action. So, the statute can't be extended to 10 years in that manner. Mr. Spoken, could I ask briefly? I'm sorry. Go ahead. Go ahead. Go ahead, Katherine. We may be asking the same question, but with regard to Plaintiff Brooks, now, he was not a union employee. And so, he was not subject to the CBA, correct? And so, therefore, he couldn't bring a claim under the CBA. Correct. When the summary judgment order was entered and converted this, that was one of the issues that was raised by Pekin, was that Mr. Brooks was a lieutenant. He was in command, and the command officers are not part of the CBA. So, by converting this to a breach of contract, what essentially they did was exclude Mr. Brooks from any recovery, because as your honor mentioned, he's not part of the CBA. But an award was entered in his favor for breaching the contract that he is not a party of. And that was one of the points that's an issue with holding this as a breach of contract action. The other is the fact that Mr. Bittner is a party to the CBA, and the CBA, like most of or all of them, has a grievance procedure in it. And the grievance procedure says, before you can sue us or anything for breaching this contract, you have to follow this grievance procedure, which includes arbitration and other requirements. And Illinois law says those have to be followed. So, if Mr. Bittner wants this to be a breach of contract action, he needed to follow that grievance procedure. And he basically wants to have this two separate ways. He wants it to be a breach of contract action for the 10-year statute, but he doesn't want it to be a breach of contract action that would have required him to file that grievance because he never did it. So, Pekin sort of is getting whipsawed here by this contract existing in this state where it just grants all the rights to Mr. Bittner and Mr. Brooks, but none of them to Pekin. There's also the final issue that I'd like to talk about is the attorney's fees issue. The plaintiff requested attorney's fees pursuant to the Attorney's Fees and Wage Actions Act. That is the older statute before the Wage Payment Collection Act came into being. Of course, it's still on the books. The Act has specific requirements to justify an award of an attorney's fee in an employment case. And those include making a written demand at least three days in writing, excuse me, in writing at least three days before the action was brought. And that writing has to include the specific sum of money requested that does not exceed the amount ultimately found due and owing. The issue here is that the plaintiffs never made such a demand. And I think the plaintiffs agree they never made such a demand because their response states, well, our written demand was the complaint itself. And that is sort of a because how can the complaint, which initializes the case, be a pre-suit demand? It just does not fit the terms of the statute at all. The other problem there is that none of the complaints, the original complaint, the First Amendment complaint, or the Second Amendment complaint, have a specific amount of money requested in any of them. And the statute requires that. So even if we were to say, plaintiff, we're going to treat your complaint as a written demand, without that specific sum of money, there can be no attorney fee under that statute. Thank you. All right. Thank you, Mr. Sokin. You'll have time in rebuttal. Ms. Glossy, you may proceed with your argument. Thank you. May it please the court and counsel. I want to go to the first point that counsel raised, and it has to do with the language of PETA on the same basis. What Pekin is saying is that because the PETA statute doesn't use the words, the magic words, non-taxable, or state that the same salary means gross income, then Pekin is not prohibited from making any deductions at once, other than the enumerated ones. But unfortunately, we live in the world where just about anything dealing with money, the state and the federal governments have something to say about it, you know, in the multitude of tax laws that we have to follow. The federal law is not irrelevant, and the state law is not irrelevant. And I'll point you to that 26 CFR Exhibit 1 that couldn't be more clear. It expressly excludes workers' comp-like benefits from treatment as W-2 income. Salaries are excluded from wages when salaries are in the form of workers' comp. So, that gives you the guidance as to same basis does not mean his old net income. Now, you can sit and argue, well, you know, that's a benefit that most workers do not get, but that's for the legislature to decide, not any of us. And neither is the state of Illinois, what it has to say about PETA benefits irrelevant either. I had referenced the 2017 Illinois Attorney General opinion, where an anonymous city requested a ruling. And they said, just like Pekin, we relied on the plain language of the PETA statute, which gave a specific list of non-deductible items, obviously not withholding taxes. And they said it's a clear indication that the legislature determined that taxes could be deductible. And the city argued to the AG, otherwise that's a windfall to the employee. That ruling from the AG's office to the anonymous city requester was that if, or I'm sorry, was that Illinois state taxes are not to be withheld if federal income tax withholding is not required. So we've got it from, you know, two sources here that these PETA benefits are workers comp like, they're a little different because they're based on the salary. And I would say that when it says on the same basis, it means if you worked 40 hours a week and made $24 an hour, that is your PETA benefit. But think about it, what Pekin is saying to you. Pekin's answer is that we're not prohibited from making these deductions, even though we're not required to. And which is somewhat astounding. Well, we don't have to pay the feds. We don't have to pay the state. We don't have to pay social security. We don't have to pay Medicare, but we are going to deduct it anyway. And it is your problem to go chase it. And look at the numbers involved. Counselor, can I ask a question? Sure. What exactly does your second amended complaint allege? The second amended complaint alleges that... It's a one count declaratory judgment action, right? Correct. Correct. And what does it ask? It asks for determination that the items were wrongfully withheld and that they be repaid and for such other and further relief as is appropriate. Under the terms of PETA? No, under the terms of the Declaratory Judgment Act. But what do you base it on? You base it on the language of PETA? Correct. Correct. And... Not the federal statutes? Well, I base it on the fact that PETA, you know, you have to consider PETA in the world of when you're talking about salaries, there are tax implications. Well, no, you have to consider PETA in relation to its wording. It's a statute in derogation of common law. You've got to look at it strictly. Correct, but I don't think that you can ignore the fact that the Illinois legislature enacted PETA when these... I'm sorry, there's a garbage truck out there. ...enacted PETA at the time the tax, the federal tax law was clear about these workers' compensation benefits being or like benefits being non-taxable. And it's also presumed that the Illinois legislature was well aware of what the federal tax implications were. Sure. So that when they say that a person should be paid in the same manner they've been paid, why would you now start paying them differently? Because the language doesn't say that. It doesn't say taking into consideration the federal restrictions on benefits. Well, all I can say to that is I've been getting into these PETA cases, and other than Graham v. Dalton, which was recently handed down, there's a dearth of nothing out there construing the statute. And so in order to get to the bottom of what is on the same basis, you look to the other laws interpreting the PETA statute and utilize those statutes to determine what the same basis is. I mean, I could just as well say... That's if it's ambiguous. That's if the statute is ambiguous. But there's no indication the statute's ambiguous. I would argue because I'm saying that if it's... Did you claim it was? I'm sorry. Did you claim it was? I think it is from the way the discussion... I mean, did you claim it was? No. No, I did not. All right. So what you're arguing now was never argued before the trial court, that it was an ambiguous statute, and you have to look outside the four corners of the statute itself. I'm addressing what the question... Hang on a second. The question is simple. The question is very simple. What you're arguing now was not argued before the trial court. Correct. That is correct. Okay. Thank you. Go ahead. Council brought up about the fact that the withholdings, the employees can simply seek a federal income tax return. But that flies in the face of the IRS publications that indicate employers who withhold more than they should are obligated to reimburse the employee. That would be if you filed under those regulations. But here you filed a declaratory judgment action specifically under PETA. Correct. But I'm addressing the argument that the remedy for the plaintiffs, according to Pekin, is to seek a refund. Yeah, because it depends on what cause of action you file. I'm not sure I understand your question, Your Honor. You're justifying your claim under PETA based on a possible violation of some other federal statute, which you would have to have claimed, which you didn't. You haven't filed such a claim. If that's how you interpret it, I guess the issue of a refund did not come up until the Pekin raised the defense that that is what the remedy that was available when it made the argument that, well, even though we're not prohibited from withholding, or we're not prohibited from withholding, there's no reason why we can't. And then the plaintiffs can seek a refund. So that's how the whole issue arose. I understand that. Go ahead. So, you know, my argument is that under the defendant's logic, they would be allowed to deduct sums, you know, let's say for the Pekin Marigold Fund, because PETA doesn't prohibit that and it would be the burden would be on the employees to go chase it. The other issue is that while we talk about the federal tax. Counsel, were they deducting that before? Because under the statute, under PETA, they have to be paid in the same manner in which they were being paid before. So if it had been deducted before, that's one thing. If it hadn't been deducted before, that'd be entirely different, wouldn't it? Well, again, that goes back to the back and forth we've had on this, what is on the same basis issue, where we seem to have, I come up with a different thought process and outcome than Your Honor has questioned me about. But on the taxes withholding, we're not just talking about the federal taxes, we're talking about the state taxes, we're talking about Medicare funds. And I'm not sure how, there's no remedy that I'm aware of for an employee to seek a refund of the, let's say, withheld Medicare taxes. That's not part of your claim. Now you're talking about things that aren't even involved in this case. I'm talking about things that the defendant raised on their motion for summary judgment. And that is, and he's, counsel has talked about it now, that the remedy for the plaintiffs is to seek a refund under the federal tax statute. The, with regard to the Wage Act, counsel talked a little bit about the history in this case. And originally it was brought under the Illinois Wage Payment and Collection Act, which was dismissed, and that statute obviously has an attorney's fee provision. We subsequently filed a declaratory judgment action and then included a request under the Wage Regards to the pleading at issue, the complaint for declaratory relief. Was there ever a motion filed by City of Pekin challenging the legal sufficiency of that complaint, whether or not a declaratory judgment action under 2-701 was appropriate, given the facts alleged? I'm not aware of one. Did you file it? I'm sorry, are you talking to me? Yes. Did I file a declaratory judgment? Yes. Yes. So you say not to your knowledge though? That they filed an objection that the claim could not be brought under the declaratory judgment statute. Right. Right. In fact, if you go back over the PETA cases that exist, and there are not very many, a lot of them arose out of declaratory judgment actions when employees sought to have their PETA benefits paid under the statute. Okay. So procedurally, members, they sought a declaration that benefits had been wrongfully withheld, similar to what your client's complaint looks like? We do not have, and in fact, I don't believe there has been any case stating what I am arguing today. This is really one of first impression about whether or not the taxes can be withheld, which is why then we are heavily reliant upon the various tax codes, the Illinois Attorney General opinion. There hasn't been a case yet. It was only recently, and I mentioned Graham v. Dalton, that was decided in 2023, that held that, oh, PETA benefits do come under the Illinois Wage Payment and Collection Act. But that decision came out a little too late for our case. So counsel, could it be that there hasn't been any, so could it be that there isn't any case law? Because the language that we're looking at, the payment on the same basis, is plain and clear. There's a common sense approach. We don't have to look for some definition or word of art, term of art with this. And so to have to go outside of this language, principles of statutory interpretation, I think Justice Gehrman was asking some questions about this, really shouldn't be within our purview here. If indeed it's not ambiguous, and maybe others have felt it isn't ambiguous, and therefore that's the reason there is another case law, quote, interpreting the words on the same basis. I suppose. I mean, you're asking me to speculate about why people have filed or not filed. Ever since the statutes come into effect, there are very few cases. But I come back to, you know, the Illinois Attorney General ruling has to count for something. Not really. Well, it's all I had. The Illinois Attorney General opinion, you know, in trying to divine what on earth and how to establish that these benefits were non-taxable. And this came upon the heels of other circuit courts here in Illinois have held or granted summary judgment under the Illinois Wage Payment Collection Act for taxes withheld. But there's never been an appeal. So at least among the cases in central Illinois that I've handled, some courts are, you know, going for the Illinois Wage Payment Collection Act and the taxes cannot be withheld and they have to be refunded. But that's not your case here. I'm sorry. That's not your case here. No, no. And that's just my point that, you know, how are we here today? There just aren't any cases. And this issue, I believe, is a first impression in an appellate court. Counselor, I do want to go back to your complaint and the prayer for relief. In the prayer for relief, you state or the plaintiffs state that they pray for a declaratory judgment finding that defendant unlawfully deducted employment taxes from its first responders' benefits and unlawfully deducted its first responders' accrued sick compensatory vacation or vacation time. The sums are to be reimbursed to the class and for such other and further relief, this court deems just inappropriate. The order, when I look at the order, it seems to go well beyond a declaratory judgment finding along the lines of what was requested. And looking at the statute, excuse me, yes, looking at the statute, section 2-701, it doesn't seem that the relief that was ordered in the court's judgment order of July 20, 2023, fits with a declaratory judgment. And my question to you is, did the court's order go well beyond what was requested in the prayer for relief? I don't believe so. And I cited a case in my brief where it talks about under the declaratory judgment statute, you can just ask for the declaration or you can ask for the declaration plus relief. And so that is why we made the request for the monetary relief that we did, rather than just give us a ruling as to whether or not PETA benefits are subject to withholding. But the trial court turned it into a breach of contract. Well, there is no statute of limitations under PETA. And the issue of, I think that there were two statutes of limitations available to Bittner, only one available to Brooks. One would be the five-year and the other would be the 10-year under the contract in the CBA. Thank you. Justice Bearman, do you have more that you would like to add? No, that's okay. Thank you. Okay. All right. Thank you, Ms. Glasso. Mr. Sokin, you may proceed with rebuttal argument. Thank you, Justice. I'd like to pick up with the language of the complaint, the declaratory judgment complaint. If we look at the prayer for relief, it says, and just no one's mentioned this yet, it does say it's a class action complaint. There was no class ever certified here. But the language about the class is in this quote. The prayer says that the plaintiffs, Christopher Bittner, John Brooks, and the class pray for a declaratory judgment finding the defendant unlawfully deducted employment taxes from its first responders benefits and unlawfully deducted its first responders accrued sick, compensatory, or vacation time. The sums are to be reimbursed to the class. And for such other and further relief, this court deems just and appropriate, including an award of attorney's fees pursuant to the Attorney's Fees and Wage Actions Act. There is no, to Justice Harris's point, there is no sum in this complaint anywhere that says, here's how much money is due. What they are requesting under the declaratory judgment statute is a declaration that says, yes, they withheld this incorrectly and sums would be due back to them. At which point, I believe under the statute, it would be appropriate for the plaintiffs to file a second suit where they ask for that specific money and reference this declaration that they would have received that says, hey, these sums that have been wrongfully withheld have to be paid back. Now we're going to prove up what they are. And it just doesn't, the declaratory judgment doesn't say that. It also doesn't mention anything about pre-judgment interest. It doesn't mention anything about costs either. So it is Peikin's position that the order goes well beyond the relief that, one, could be available under a declaratory judgment. And two, under this specific pleading, could have been made available. As far as the statute... Why would the catch-all phrase not encompass though? I have no... Apart from the attorney's fees. I don't, well, the Attorney's Fees and Wage Act is specifically mentioned. So that we don't quibble with. So I agree that the Attorney's Fees and Wage Act was referenced in the declaratory judgment. Peikin isn't disputing that. The dispute there is upon the specific requirements of that statute that the plaintiff did not comply with being the pre-suit demand for the specific sum. Correct. But apart from that, yes. Why would the general language encompass the other? I do not believe that... I believe if you're going to request pre-judgment interest, it needs to be explicitly stated. I don't think that the pre-judgment interest statute would allow for someone to just say, we want other and further relief. And then you just get hit with a giant pre-judgment interest award. Particularly because here, there's not even an amount in the complaint with which to calculate the pre-judgment interest. There was no way for Peikin to know, okay, here's how much money Bittner and Brooks want here. I don't believe that that catch-all provision could allow for what is a statutory cause of action for pre-judgment interest. Just briefly, I think... Commission Counselor, wouldn't you have to consider that phrase in conjunction with the nature of the relief that's being sought at the outset? It's a declaratory judgment. Yeah, well, right. That's true. They couldn't hold Peikin liable for a felony murder and get them jailed. Because they want other and further relief. Limited by what the cause of action is. Exactly. Otherwise be just and reasonable. Right. It's constrained by the pleadings. And that's always been the law in this state, that your relief is constrained by the pleadings. And the pleading is a declaratory judgment. Just briefly, there's one word I think we've sort of overlooked in the argument here. And I think, Justice, you might have brought it up. And it's the word continued. Peikin, counsel is arguing, well, on the same basis, maybe that means 40 hours a week for this many weeks at this amount of a rate. But that ignores the word continue. Peikin has to continue to pay them on the same basis. So we're ignoring that word if we're going to say, okay, on the same basis means you've got to pay them without anything withheld. But Peikin's being instructed, no, no, no, you got to continue to pay them. And if we're going to review this statute as in derogation of the common law, as being operating against Peikin, with the understanding that, you know, we have a system of justice here that the legislature, we leave up to the legislature. And if the court wants to rule that, you know, maybe the legislature wants to weigh in here and amend the statute, they can do that. But as far as what Peikin is operating under at this time, they were sued under PETA. They weren't sued for violating any federal rule or federal regulation. They were sued under PETA. And what the language of PETA says is exactly what Peikin did. Thank you. All right. Thank you, Mr. Sokin. Thank you both, counsel. The court will take the matter under advisement and will issue a written decision.